66 F.3d 317
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles Garland JOHNSON, Defendant-Appellant.
 No. 94-5849.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Aug. 24, 1995.
Decided: Sept. 14, 1995.
 
 Joseph Jeffrey Harris, Morgantown, WV, for Appellant.
 William D. Wilmoth, United States Attorney, Sam G. Nazzaro, Assistant United States Attorney, Wheeling, WV, for Appellee.
 Before WIDENER, HALL, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Charles Garland Johnson appeals the three-year sentence imposed by the district court on revocation of his supervised release. We affirm.
 
 
 2
 Johnson pled guilty to distribution of cocaine within 1000 feet of a school and was sentenced to six months imprisonment to be served in a half-way house and six years supervised release. He began serving his supervised release in January 1994. In September and October 1994, Johnson tested positive for cocaine use on three occasions, and the probation officer petitioned the court to revoke his supervised release. At the revocation hearing, the district court found that Johnson had possessed cocaine in violation of the conditions of his supervised release, see 18 U.S.C.A. Sec. 3583(g) (West Supp.1995), and revoked his supervised release.
 
 
 3
 Johnson did not oppose the revocation, but requested a sentence of twelve or eighteen months. Under the sentencing guidelines policy statements applicable to revocation of probation and supervised release, USSG Sec. 7B1.4, p.s.,* Johnson's sentencing range was 12-18 months. Instead, the district court sentenced Johnson to three years imprisonment and recommended that Johnson be confined at the Federal Correctional Institution at Butner, North Carolina, and admitted to the intensive drug rehabilitation program.
 
 
 4
 On appeal, Johnson first contends that the district court should have sentenced him according to the Chapter 7 policy statement. His argument is without merit because this court has held that the Chapter 7 policy statements are not binding on the courts. United States v. Davis, 53 F.3d 638, 640 (4th Cir.1995).
 
 
 5
 Next, Johnson maintains that the sentence of three years was unreasonable. Three years is the maximum sentence permitted under the statute where the original offense was a Class B felony, as Johnson's was. 18 U.S.C.A. Sec. 3583(e)(3) (West Supp.1995). Because the sentence was within the statutory limit, we find no error.
 
 
 6
 We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov.1994)